## LA LUMIERE v. MORGAN. (No. 7142.)

(Court of Civil Appeals of Texas. San Antonio. April 23, 1924. Rehearing Denied May 22, 1924.)

Municipal corporations ⊚⇒706(5)—Finding of negligence in backing into automobile sustained.

Evidence *held* to show defendant's negligence in backing from vacant lot into defendant's automobile properly parked in street.

Appeal from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by M. S. Morgan against L. P. La Lumiere. Judgment for plaintiff, and defendant appeals. Affirmed.

L. J. Wardlaw, J. T. Tuohy, and L. G. Lowrey, all of Fort Worth, for appellant.

J. A. Templeton, of Fort Worth, for appellee.

FLY, C. J. Appellee sued appellant to recover damages to his automobile alleged to have accrued through the negligence of ap-

pellant in backing his automobile into and upon the automobile of appellee. The cause was tried without a jury, and judgment was rendered for $180 in favor of appellee.

The county judge, upon the request of appellant, filed his conclusions of fact and law. There are six assignments of error, five assailing the findings of fact and the sixth the conclusion of law that appellant was liable under the evidence. There is evidence to sustain the findings of fact. Appellee, it appeared, had parked his Ford automobile in front of the house in which he had a room on Burnet street, in Fort Worth. His automobile was on the east side of the street, the front to the south and the rear to the north, and was properly parked and sufficiently clear of the passageway leading to a vacant lot adjoining the lot on which appellee had a room in a house number 1011 Burnet street. There was no regular driveway leading from the street to the vacant lot, but the curbing had been broken down on the vacant lot near appellee's car, and this was used for entering and leaving the vacant lot. Appellant had his automobile parked on the vacant lot, and in leaving it backed into and damaged the automobile of appellee in the sum found by the trial judge. Appellant was guilty of negligence in running into and damaging appellee's car. Appellant came from the vacant lot in a reckless manner, and struck the car of appellee, which was five or six feet south from the passageway, by making a short turn towards the north and thus throwing his automobile into and against the car of appellee.

The evidence is ample to sustain the judgment, and it is affirmed.